UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WALTER LEINHAUSER**                                             **CASE NO.:**

      Plaintiff,

vs.

**UNITED STATES OF AMERICA,**

      Defendant.
_____/

## COMPLAINT

The Plaintiff, WALTER LEINHAUSER hereby sues the Defendant, UNITED STATES OF AMERICA (hereinafter "U.S.A."), and alleges:

1. This is an action for damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b)(1) in that this is a claim against the Defendant, United States of America, for money damages, for injury caused by the negligent or wrongful acts or omissions of an employee of the United States Government while acting within the course and scope of her employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4. Pursuant to the provisions of 28 U.S.C. §2675(a) and 28 U.S.C. §2401(b), the Plaintiff provided written notice, thru a Standard Form 95, to the appropriate federal agency within

two years of his claim accruing, of his claim for money damages, which was accepted by the federal agency on January 17, 2024.

5. A period of more than six months has transpired since the acceptance of the claim by the federal agency. Accordingly, under 28 U.S.C. §2401(b), Plaintiff's tort claim against Defendant is timely.

6. Venue is proper in this district pursuant to 28 U.S.C. §1402(b), as the Plaintiff resides in the jurisdiction and the act or omission complained of occurred in the jurisdiction, namely Brevard County, Florida.

7. On August 7, 2023, Cherrie Martinez operated a motor vehicle owned by the United States Postal Service, an agency or subdivision of the U.S.A.

8. On that date, Cherrie Martinez operated the motor vehicle with the knowledge, authority, consent or permission of the United States Postal Service, an agency or subdivision of the U.S.A.

9. At all times material hereto, Cherrie Martinez was an agent, servant, or employee of the United States Postal Service, and was acting in the course and scope of her agency, service or employment with the United States Postal Service, an agency or subdivision of the U.S.A.

10. On August 7, 2023, Cherrie Martinez, was operating the motor vehicle owned by the United States Postal Service at or near the intersection of North Singleton Avenue and Iris Street, in Titusville, Brevard County, Florida.

11. On August 7, 2023, Plaintiff, WALTER LEINHAUSER was operating a motor vehicle, owned by him at or near the intersection of North Singleton Avenue and Iris Street, in Titusville, Brevard County, Florida.

12. At that time and place, Cherrie Martinez, owed a duty to Plaintiff, WALTER LEINHAUSER to operate the motor vehicle she was driving in a reasonably safe manner.

13. At that time and place, Cherrie Martinez breached her duty owed to Plaintiff by negligently and carelessly operating and/or maintaining the motor vehicle she was driving so as to collide with the rear of the motor vehicle the Plaintiff, WALTER LEINHAUSER was operating.

14. The negligence of the Defendant's employee, Cherrie Martinez, as described above, caused or contributed to the injuries and/or damages sustained by the Plaintiff.

15. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff, WALTER LEINHAUSER suffered or incurred injuries including, without limitation, the following:

   A. Significant and permanent loss of an important bodily function and/or permanent and significant scarring.
   B. Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;
   C. Aggravation or activation of an existing disease or physical defect;
   D. Pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;
   E. Expenses of medical care and treatment in the past and in the future;
   F. Loss of wages and/or loss of earning capacity in the future; and
   G. All losses are continuing and/or permanent.

16. These losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, WALTER LEINHAUSER demands judgment for damages, costs and, to the extent allowed by law, prejudgment interest against the Defendant, U.S.A.

Respectfully submitted this 20th day of June 2024.

                                                                   */s/ David Evelev*_____
                                                          David Evelev, Esquire
                                                          Florida Bar No.: 0869170
                                                          Dan Newlin Injury Attorneys
                                                          7335 W. Sand Lake Road, Suite 300
                                                          Orlando, FL 32819
                                                          Direct: (407) 987-3452
                                                          Fax: (448)205-2090
                                                          Attorneys for Plaintiff
                                                          David.Evelev@newlinlaw.com
                                                          Evelev.pleadings@newlinlaw.com